JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER, ) | CASE NO. CV 17-1521-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION FOR DEFAULT JUDGMENT |
| v. ) | |
| ) | |
| BESS DRUST, in individual and ) | |
| representative capacity as trustee of the Bess ) | |
| Drust Living Trust Dated February 8, 2010; et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff's Application for Default Judgment (Dkt. No. 18), which was filed on June 5, 2017. This Court took the matter under submission on July 12, 2017.

It is within a court's discretion to enter default judgment. *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986). "[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A court may enter default judgment upon a party's application when the defendant fails to defend itself, and if necessary the court may conduct an investigation and accounting into the damages or any other matter. Fed. R. Civ. P. 55(b)(2). In order to obtain default judgment, a party must first receive an entry of default by the clerk. Furthermore, under Local Rule 55-1 a party seeking default judgment must note: (a) when

and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act does not apply; and (e) that notice has been served on the defaulting party if required.

Here, Plaintiff is not requesting damages different from or greater than those requested in the Complaint. The Clerk entered default against Bess Drust on April 19, 2017, and against Steven Drust on May 3, 2017. Additionally, Plaintiff filed a declaration satisfying the requirements of Local Rule 55-1. Plaintiff satisfied the procedural requirements necessary for the entry of default judgment.

The Ninth Circuit articulated the following factors for courts to consider in determining whether default judgment should be granted: (1) the sufficiency of the complaint; (2) the merits of plaintiff's substantive claim; (3) the possibility of prejudice to plaintiff if relief is denied; (4) the possibility of dispute as to any material facts; (5) whether default resulted from excusable neglect; (6) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits; and (7) the amount of money at stake. *Eitel*, 782 F.2d at 1471-72. After reviewing the Complaint and Application for Default Judgment, this Court finds that Plaintiff has met the *Eitel* factors.

Plaintiff alleges two causes of action against Defendants: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and (2) violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51-53. Plaintiff's case is based on his allegation that he attempted to visit Defendants' motel but was caused "difficulty and frustration" because the motel did not offer any handicap parking spaces. Additionally, Plaintiff alleges the motel swimming pool did not have accessible means of entry and exit or a pool lift for persons with disabilities.

A plaintiff must state a claim upon which he may recover in order for a court to grant a motion for a default judgment. *Sony Music Entertainment v. Elias,* 2004 WL 141959 (C.D. Cal. Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987). "On the other hand, a

1  defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."
2  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).

3        The first two *Eitel* factors consider the sufficiency of the pleadings and the substantive
4  merits of the claim.  The complaint is sufficient if it meets the pleading standards of *Iqbal* and
5  *Twombly*.  To succeed on an ADA claim, a plaintiff must "establish that (1) he is disabled within
6  the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public
7  accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning
8  of the ADA."  *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).  The ADA
9  requires architectural barriers to be removed from public accommodations unless such removal is
10  not readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  The Unruh Act makes any violation of
11  the ADA also a violation of California law.  Cal. Civ. Code § 51(f).  Here, the Complaint alleges
12  that Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility.  The
13  Complaint alleges the motel is owned by Defendants.  The motel is a public accommodation.  42
14  U.S.C. § 12181(7)(A).  The Complaint alleges that Plaintiff attempted to visit the motel in January
15  2017, but Defendants did not offer any handicap parking spaces.  The Complaint alleges that
16  Defendants did not modify their motel pool to provide "any accessible means of entry and exit."
17  These facts are sufficient to state a claim under the ADA and Unruh.  The Court finds that the first
18  two *Eitel* factors favor entry of default judgment.

19        The third *Eitel* factor considers the possibility of prejudice to a plaintiff if default judgment
20  is not entered.  Plaintiff is a person with disabilities who was discriminated against by the lack of
21  accommodations at Defendants' business.  If default judgment is not entered in this matter,
22  Plaintiff will be prejudiced to the extent he will be unable to recover from Defendants.  Therefore,
23  the third factor favors entry of default judgment.

24        The fourth *Eitel* factor considers the possibility that material facts are in dispute.  Taking
25  the factual allegations of liability as true, there is no possibility of dispute of any material fact.
26  Plaintiff provided support for his claims.  The Complaint alleges that Defendants did not provide
27  any handicap parking spaces or means of entry and exit at the swimming pool.  These facts
28  establish that Defendants violated the ADA and leave no room for dispute.

The fifth *Eitel* factor considers whether a defendant's failure to respond could be a result of excusable neglect. The fifth *Eitel* factor favors entry of default judgment "when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc.,* 845 F. Supp. 2d at 1082. Plaintiff provided proper proof of service for all filings thus far in this matter. Therefore, this factor weighs in favor of default judgment.

The sixth *Eitel* factor takes into account the strong public policy in favor of deciding cases on the merits. Notwithstanding this strong policy, "a decision on the merits is impracticable, if not impossible, when the defendant takes no part in the action." *Weeks v. Fresh-Pic Produce Co.,* 2012 WL 1815648, at *4 (S.D. Cal. 2012). Defendants have not responded in any way to this action. Defendants' failure to respond makes a decision on the merits impossible. Accordingly, the sixth *Eitel* factor weighs in favor of entry of default judgment.

The final *Eitel* factor "examines the amount of money at stake in relation to the seriousness of a defendant's conduct." *Wecosign, Inc.*, 845 F. Supp. 2d at 1082. Plaintiff requests a judgment in the amount of $8,860 for damages and fees. The damages in Unruh actions are statutorily set at a minimum of $4,000. Cal. Civ. Code § 52(a). The remainder of the requested total is for attorney's fees. Plaintiff's requested judgment is not a particularly large sum of money and is reasonably correlated to Defendants' discriminatory conduct. Therefore, the final *Eitel* factor favors entry of default judgment.

On the whole, the *Eitel* factors favor entry of default judgment in this case. Plaintiff stated a sufficient claim for recovery under the ADA and Unruh, and Defendants, though properly served, have failed to appear in any way. Therefore, the Application for Default Judgment is granted.

Finally, Plaintiff requests attorney's fees in the amount of $4,860. Local Rule 55-3 provides a schedule of attorney's fees for a default judgment. However, here, Plaintiff requests a departure from that schedule because the ADA does not provide for damages. Therefore, Plaintiff argues, the schedule in L.R. 55-3, which ties attorney's fees to the amount of judgment, is inapposite. This Court agrees. The Local Rule schedule does not properly take into account the minimal monetary judgment available to plaintiffs under the ADA and Unruh. *See Blackwell v.*

1  *Foley*, 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010) ("If fees were limited by the amount of
2  damages, no matter how meritorious the clients' claims might be, attorneys simply would not take
3  these cases."). Therefore, the Court will affix attorney's fees separate and apart from the Local
4  Rule schedule.

5  However, the Application for Default Judgment does not lay out sufficient detail by which
6  this Court could assess the reasonableness of the requested fees. The totality of counsel's
7  discussion of his fees consists of two paragraphs in an attached declaration. (Dkt. No. 18).
8  Therefore, should Plaintiff still desire to recover attorney's fees, he shall file a motion which
9  details the hours spent on each specific task undertaken for purposes of this matter. The motion
10 shall total no more than 5 pages excluding exhibits and declarations.

11 **IT IS HEREBY ORDERED** that Plaintiff's Application for Entry of Default Judgment
12 (Dkt. No. 18) is GRANTED.

14 Dated: August 17, 2017

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

5