CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
Phylg @ potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Chris Langer**,

Plaintiff,

v.

**Bess Drust,** in individual and representative capacity as trustee of the Bess Drust Living Trust Dated February 8, 2010;
**Steven Drust,** in individual and representative capacity as trustee of the Bess Drust Living Trust Dated February 8, 2010; and Does 1-10,

Defendants.

**Case:** 2:17-CV-01521-R-FFM

**Memorandum of Points and Authorities in Support of Motion for An Award of Attorney's Fees**

Date: October 2, 2017
Time: 10:00 a.m.
Ctrm: 880

Hon. Judge Manuel L. Real

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........ 1

II. HISTORY OF SETTLEMENT NEGOTIATIONS**Error! Bookmark not defined.**

III. REASONABLENESS OF FEES ........ 1

A. Hourly Rates ........ 2

B. Hours Reasonably Expended ........ 6

IV. HENSLEY FACTORS ........ 7

A. Time and Labor Required ........ 8

B. Novelty and Difficulty of Issues ........ 8

C. Skill Required to Perform Legal Service ........ 8

D. Preclusion of Other Work ........ 9

E. Customary Fee ........ 10

F. Fixed or Contingent Fee ........ 10

G. Time Limitations ........ 10

H. Amount Involved and Results Obtained ........ 10

I. Experience and Ability of Attorneys ........ 11

J. Undesirability of the Case ........ 11

K. Nature and Length of Professional Relationship with Client ........ 12

L. Awards in Similar Cases. ........ 13

V. LITIGATION COSTS ........ 13

VI. CONCLUSION ........ 14

## TABLE OF AUTHORITIES

### Cases

*Blackwell v. Foley*,
724 F. Supp. 2d 1068 (N.D. Cal. 2010) ........................................... 2, 7

*Boemio v. Love's Restaurant*,
954 F.Supp. 204 (S.D. Cal. 1997) ........................................................ 12

*City of Sacramento v. Drew*,
207 Cal. App. 3d 1287 (1989) ..........................................................1

*Copeland v. Marshall*,
641 F.2d 880 (1980) ..............................................................7

*Hansen v. Deercreek Plaza, LLC*,
420 F.Supp.2d 1346 (S.D.Fla 2006) ................................................ 6, 7

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ........................................................... 1, 2, 7, 8

*Jankey v. Poop Deck*,
537 F.3d 1122 (9th Cir. 2008) ..........................................................1

*Koire v. Metro Car Wash*,
40 Cal.3d 24 (1985) ............................................................. 11

*Lindy Bros. Builders, Inc. of Phila. v. American Radiator*,
487 F.2d 161 (3rd Cir 1973) ..........................................................7

*Lovell v. Chandler*
(9th Cir. 2002) 303 F.3d 1039 ......................................................... 13

*Margolin v. Regional Planning Comm'n*,
134 Cal.App.3d 999 (1982)..............................................................5

*PLCM Group, Inc. v. Drexler*,
22 Cal.4th 1084 (2000) .......... 2

*San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino*,
155 Cal.App.3d 738 (1984) .......... 2

*Serrano v. Priest*,
20 Cal.3d 25 (1977) .......... 7

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
896 F.2d 403 (9th Cir. 1990) .......... 6

*Van Gerwen v. Guarantee Mutual Life*,
214 F.3d 1041 (9th Cir. 2000) .......... 8

*Wehr v. Burroughs Corp.*,
477 F.Supp. 1012 (E.D.Pa. 1979) .......... 2

*Welch v. Metropolitan Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) .......... 3

*Woodland Hills Residents Ass'n., Inc. v. City Council*,
23 Cal.3d 917 (1979) .......... 2

**Statutes**

42 U.S.C. § 12205 .......... 1, 13

Cal. Civ. § 52(a) .......... 1, 11

## I. PRELIMINARY STATEMENT

Mr. Langer is a person with disabilities who uses a wheelchair for mobility. He sued the defendants as owners and operators of the Circle K Motel in Culver City for failure to provide accessible parking although the law has required it for 26 years. Plaintiff obtained a default judgment from this court after Defendants failed to answer the complaint. The plaintiff now moves the Court for an award of attorney's fees.

## II. REASONABLENESS OF FEES

Under the American with Disabilities Act, attorney's fees are available to a prevailing party. 42 U.S.C. § 12205. Additionally, under the Unruh Civil Rights Act, a defendant "is liable for" any attorney fees" suffered by any person denied the rights" provided for under Unruh. Cal. Civ. § 52(a). Successful litigants are entitled to reasonable attorney fees "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Consequently, recovery is the rule rather than the exception." *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal citations omitted).

This is a civil right entitlement, not a windfall. "It must be remembered that an award of attorneys' fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right." *City of Sacramento v. Drew*, 207 Cal. App. 3d 1287, 1304 (1989).

The "fundamental objective" of attorney fee statutes is "to encourage suits effectuating a strong policy by awarding **substantial**

**attorney's fees** ... to those who successfully bring such suits . . ..” *Woodland Hills Residents Ass'n., Inc. v. City Council*, 23 Cal.3d 917, 933 (1979) (emphasis added). To accomplish this, the award must be large enough “to entice competent counsel to undertake difficult public interest cases.” *San Bernardino Valley Audubon Society, Inc. v. County of San Bernardino*, 155 Cal.App.3d 738, 755 (1984). Thus, there is a “requirement of an award of substantial attorney fees” in these disability access civil rights cases. *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1076 (N.D. Cal. 2010) (a disability access case involving both the ADA and Unruh Civil Rights Act).

The documentation submitted in support of a request for attorney fees should be sufficient to satisfy the court, or indeed a client, that the hours expended were actual, non-duplicative and reasonable and to appraise the court of the nature of the activity and the claim on which the hours were spent. *See Hensley*, 461 U.S. at 437; *Wehr v. Burroughs Corp.*, 477 F.Supp. 1012, 1016–18 (E.D.Pa. 1979), *modified on other grounds* at *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3rd Cir. 1980). The billing statements attached as exhibit 2 meet this standard.

**A. Hourly Rates**

A reasonable hourly rate reflects the skill and experience of the lawyer, including any relevant areas of particular expertise, and the nature of the work performed. *See Hensley*, 461 U.S. at 433-34. The reasonable market value of the attorney’s services is the measure of a reasonable hourly rate. *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094 (2000). This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represented the client on a straight contingent fee basis,

or are in house counsel. *Id.*; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

Mark Potter founded the Center for Disability Access, and has devoted more than 95% of his practice to disability issues for more than 20 years. He was a former officer of the California's for Disability Rights, Chapter Number One—the oldest and most prestigious disability civil rights advocacy organization in California, as well as a board member of the prestigious Southern California Rehabilitation Services. He has given ADA seminars throughout the state of California and published in numerous disabled rights periodicals. He has litigated over 2,000 disability cases. His expertise and experience with ADA cases is almost unparalleled in California. He has also been interviewed on CNN as an ADA legal expert. He is qualified to bill at $25 per hour.

Attorney Russell is also qualified to bill at $425 per hour. He graduated Magna Cum Laude from California Western, has taught as an adjunct professor, has clerked for the Ninth Circuit Court of Appeals, and has devoted his private practice to disability litigation for the last 17 years. He has prosecuted over a thousand ADA cases, has prosecuted over 40 ADA trials and appeared at either state or federal appellate court forums on ADA cases over 30 times. He has argued disability cases before the California Supreme Court and was awarded the California Magazine's Attorney of the Year (CLAY) award for 2010 for his disability work that resulted in a significant ruling for disability litigants under the Unruh Civil Rights Act. (*See Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 66). He has appeared on ABC's show 20/20 as an expert in ADA litigation. In 2011, the San Diego Daily Transcript named him one of San Diego's "Top Attorneys 2011."

Plaintiff's attorneys' disability rights work has helped to shape ADA law with numerous, precedent setting opinions including, but not limited to the following published cases: *Lozano v., C.A. Martinez Family Ltd. Partnership*, 129 F.Supp.3d 967 (S.D. Cal. 2015); *Fortyune v. City of Lomita*, 766 F.3d 1098 (9th Cir. 2014); *Cortez v. City of Porterville*, 5 F.Supp.3rd 1160 (E.D. Cal. 2014); *Johnson v. Wayside Prop., Inc.*, 41 F.Supp.3d 973 (E.D. Cal. 2014); *Daubert v. Lindsay Unified School District*, 760 F.3d 982 (9th Cir. 2014); *Munson v. Del Taco, Inc.*, 46 Cal.4th 66 (2009); *Nicholls v. Holiday Panay Marina, L.P.*, 93 Cal.Rptr.3d 309 (Cal. App. 4th 2009); *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159 (S.D. Cal. 2009); *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953 (C.D. Cal. 2009); *Deanda v. Sav. Inv., Inc.*, 267 F. App'x 675, 676 (9th Cir. 2008); *Miller v. California Speedway Corp.* (9th Cir. 2008) 536 F.3d 1010; *Munson v. Del Taco, Inc.*, 522 F.3d 997 (9th Cir. 2008); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126 (C.D. Cal. 2005); *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002); *Wyatt v. Ralphs Grocery Co.*, 65 Fed.Appx. 589 (9th Cir. 2003); *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000); *Wyatt v. Liljenquist*, 96 F. Supp. 2d 1062 (C.D. Cal. 2000).

Rates awarded to the claiming attorneys in previous actions are good evidence of the appropriate market rate. *See e.g. Margolin v. Regional Planning Comm'n*, 134 Cal.App.3d 999, 1005 (1982) (where the court rejected defendants' argument that rates awarded plaintiff's counsel in prior litigation were not relevant, stating that court awards are "obviously relevant" and that the "most analogous evidence" would be fees sought and deemed reasonable by courts in other cases."). Also, in *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.

1990), the court held, "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). In *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1350 (S.D.Fla 2006), the court held that previous fee rulings for the fee applicant for comparable cases is "satisfactory evidence" in an ADA case.

On March 17, 2011, United States District Judge Stephen Wilson considered plaintiff's counsel's qualifications,[1] the expert opinion and other evidence and granted plaintiff's counsels requested rates—the same rates requested in this case. (Exhibit 3). Thus, plaintiff's counsel was receiving his requested hourly rates five years ago. Recent fee awards have, naturally, also granted this unchanged hourly rate. See Exhibits 3, 4 and 5 (Fee Awards by Judge Wilson, Bernal and Snyder).

Not only are plaintiff's counsel's rates fully consistent within their market but they should expect to receive full compensation. Both state and federal law advocates for full and substantial compensation for disability civil rights attorneys:

> Per statutory provisions by the United States Congress and the California Legislature to ensure that there are attorneys willing to perform the important function of securing the rights of disabled persons to "full participation in the social and economic life of the state" and to "full and equal access," it is necessary to provide substantial compensation for this work. Encouraging competent attorneys to handle ADA Title III cases is necessary for effective enforcement: former California Attorney General Dan Lungren, in a 1993 Opinion, held that California building officials could not independently enforce the ADA, and that enforcement was left primarily to private lawsuits.

[1] Not exceptionally hard for Judge Wilson given that plaintiff's counsel has prosecuted more than 50 cases in front of him over the last 18 years.

*Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010). "Indeed, were it not for the efforts of those attorneys willing to undertake the representation of ADA plaintiffs, there would be little, if any, enforcement of this landmark statute." *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1349 (S.D.Fla. 2006).

Based on the evidence of market rate and the public interest in encouraging the private bar in enforcing the ADA, plaintiff's counsels' rates should be approved by this court.

**B. Hours Reasonably Expended**

As the first step in the calculation of an equitable award, the Court should determine the number of hours reasonably expended in this litigation: The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorneys, must be a calculation of the attorneys' services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only approach that can claim objectivity, a claim which is 'obviously vital' to the prestige of the bar and the courts." *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977), *citing Lindy Bros. Builders, Inc. of Phila. v. American Radiator*, 487 F.2d 161 (3rd Cir 1973).

Furthermore, only hours found to have been reasonably expended may be allowed. Plaintiff is not entitled to an award of attorney's fees for hours which were duplicative, unproductive, excessive or otherwise unnecessary. *Hensley*, 461 U.S. at 434. A fee applicant must exercise "billing judgment" in the preparation of the attorney's fee application; '[h]ours not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority". *Copeland v. Marshall*, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original), *quoted* in *Hensley*, 461

U.S. at 484. A fair award is the product of reasonable hours and reasonable rates, and represents an objective basis for an initial determination of attorney's fees.

The case has not seen a tremendous amount of work. Nonetheless, the case reasonably and necessarily involved pre-filing investigation, complaint drafting, emails, letters, phone conversations, court filings, this motion and the other trappings of a litigated case. Plaintiff's attorneys have expended more than 20 hours to date and estimate another 10 hours for dealing with an opposition brief, drafting the reply, and attendance at oral argument. As is obvious from the billing statement (exhibit 2), there has been no overbilling in this case. All of the hours submitted to the court in the accompanying declaration of Mark Potter and the attached billing were reasonably incurred in the prosecution of this case.

## III. HENSLEY FACTORS

In *Hensley v. Eckerhart*, (1983) 461 U.S. 424, the Supreme Court stated that the lodestar is the "presumptively reasonable fee amount" and that the Court can adjust upward or downward by a multiplier in "rare" or "exceptional" cases only. *Id.* at 433; *Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Welch*, 480 F.3d at 946. Additionally, the *Hensley* court outlined twelve factors that a Court may consider when determining the appropriate fee award or any departure from it. Many of the factors are already subsumed into the lodestar discussion but plaintiff will briefly discuss each factor. Plaintiff seeks no modification of the lodestar.

**A. Time and Labor Required**

As stated above, the plaintiff showed billing judgment and restraint. The case was not over litigated and plaintiff's counsel expended less than half a work week. The plaintiff seeks no multiplier as the time expended will be compensated by the lodestar.

**B. Novelty and Difficulty of Issues**

The Americans with Disabilities Act itself and its interaction with California State Law is ever evolving and involves new issues and new challenges on a constant basis. Aside from the fairly novel area of Americans with Disabilities Act work in general, this case presented no significant legal issues of first impression and plaintiff seeks no multiplier based on this issue.

**C. Skill Required to Perform Legal Service**

The Americans with Disabilities Act was passed in 1990 and the Unruh Civil Rights Act was amended in 1992 to incorporate the ADA. There are only a handful of attorneys with expertise in the area. Access under Title III of the Americans with Disabilities Act is predicated upon requirements to provide access to existing public accommodations, new construction and alterations to existing buildings. Those requirements in existing public accommodations turn on whether the removal of architectural barriers is "readily achievable." In turn, there is a plethora of federal regulations, Department of Justice advisory opinions, interpretive manuals and case law that is argued by both plaintiffs and defendants as to what constitutes architectural barriers and the extent of the remedial measures necessary, if any, to remove the architectural barrier. Furthermore, there is the overlaying application of Title 24 of the

California Code of Regulations requirements to public accommodations which were constructed or altered after 1982, and the American National Standards Institute (ANSI) between 1970 and 1982.

A successful prosecution of disability access cases is dependent upon a plaintiff's attorney having a thorough knowledge of the ADA and all its implementing regulations, Americans With Disabilities Act Accessibility Guidelines, Title 24 of the California Code of Regulations, ANSI standards, and the relevant sections for the California Health and Safety Code, the California Civil Code, and the California Government Code. In addition, an intimacy with the body of case law which has developed around the ADA (among which over two dozen published decisions were handled by plaintiff's counsel's office) and state statutory schemes, and the ability to couple this knowledge with a practical, strategic approach to interfacing with defendants, their own personal counsel, insurance defense attorneys, insurance carriers and the Court is absolutely essential.

In short, handling disability access cases demand the services of an attorney trained and specializing in the area of law. This case did not present specialized or skillful challenges and was a fairly straight-forward application of the law.

**D. Preclusion of Other Work**

Plaintiff's attorneys have spent more than 15 hours in prosecuting this case. That time could not be used, simultaneously, for other cases or other clients. Thus, the work on this case precluded other work that could have and would have been done and billed for. Nonetheless, the lodestar fully compensates for that work.

**E. Customary Fee**

As covered above, the rates and fees charged by plaintiff's counsel are market rates.

**F. Fixed or Contingent Fee**

As is the case with virtually all civil rights cases, the fees in this case were contingent upon prevailing. Had the plaintiff not prevailed, the plaintiff's attorneys would not be able to recover monies to compensate them for the outlay of time spent in prosecuting this case. Nonetheless, plaintiff's counsel is not seeking a multiplier.

**G. Time Limitations**

There were no unique time limitations imposed by either the client or the circumstances.

**H. Amount Involved and Results Obtained**

Under the Americans with Disabilities Act, there are no damages available. The only remedy is injunctive relief. Plaintiff informally obtained the remedial relief because the defendants agreed to remedy the violations. Additionally, under his Unruh Civil Rights Act cause of action, the plaintiff was entitled to damages. Cal. Civ. § 52(a). It's difficult to measure the "damage" caused by denial of access. Thus, the Unruh Civil Rights Act has a minimum that a defendant must pay. In an Unruh case before the California Supreme Court, the defendant violated the law but argued that it had "not harmed a single hair on the plaintiff's head or subjected him to the slightest deprivation or embarrassment of any kind." *Koire v. Metro Car Wash*, 40 Cal.3d 24, 33 (1985). The Court stated, "by passing the Unruh Act, the Legislature established that

arbitrary sex discrimination by businesses is per se injurious. Section 51 provides that all patrons are entitled to equal treatment. Section 52 provides for minimum statutory damages of $250 [previous minimum] for every violation of section 51, regardless of the plaintiff's actual damages." *Id.* at 33. The minimum damage award that was in effect for the plaintiff's case was $4,000. Courts just don't award that much money for violations that do not involve impact injury. For example, in one of the only published decision to actually identify a damage award: *Boemio v. Love's Restaurant*, 954 F.Supp. 204 (S.D. Cal. 1997), the court held a bench trial, found for the plaintiff, and awarded $1,000 (the minimum) although the plaintiff had to urinate in the parking lot. This case was no different from other access denial cases with respect to damages. It simply never involved large sums of money. The $4,000 damage award and the remedial relief obtained during the case, means that the plaintiff easily qualifies as a prevailing party entitled to his attorney's fees and costs.

### I. Experience and Ability of Attorneys

See discussion under "Hourly Rates" above.

### J. Undesirability of the Case

This case, like many small dollar civil rights cases, is low on the desirability scale. The clientele is largely (as in the present case) very low income or indigent. Payment is completely dependent upon winning. It is usually big business and insurance companies on the other side.

**K. Nature and Length of Professional Relationship with Client**

The Center for Disability Access has no relationship with Mr. Langer other than in representing him in his ADA/Unruh claims.

**L. Awards in Similar Cases.**

This matter is discussed above.

## IV. LITIGATION COSTS

The plaintiff seeks $640 in costs. This includes traditional costs such as the service cost ($40) and the filing fee ($400) as well as the litigation expenses that includes the investigation ($200). Section 505 of the Americans with Disabilities Act (42 U.S.C. § 12205) authorizes reasonable attorney's fees, including "litigation expenses and costs," in any action brought under the Act. This includes all costs normally associated with litigation including investigative costs:

> According to committee reports, Congress included the term "litigation expenses" in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits. See H.R. Rpt. No. 101-485(III) at 73, reprinted in 1990 U.S.C.C.A.N. 445, 496 (Report of the Committee on the Judiciary) ("Litigation expenses include the costs of expert witnesses. This provision explicitly incorporates the phrase 'including litigation expenses' to respond to rulings of the Supreme Court that items such as expert witness fees, travel expenses, etc., be explicitly included if intended to be covered under an attorney's fee provision."); H.R. Rpt. No. 101-485(II) at 140, reprinted in 1990 U.S.C.C.A.N. 303, 423 (Report of the Committee on Education and Labor) ("Litigation expenses include the costs of experts and the preparation of exhibits.").

*Lovell v. Chandler,* 303 F.3d 1039, 1058 (9th Cir. 2002). "The federal statute, unlike the state statutes, explicitly provides for not only attorney's fees but also litigation expenses and costs." *Saldana-Neily v. Taco Bell of Am., Inc.*, 2008 WL 793872, *3 (N.D. Cal. 2008).

## V. CONCLUSION

The plaintiff respectfully requests that her motion be granted and she be awarded $8,375[2].

Dated: August 30, 2017 CENTER FOR DISABILITY ACCESS

By: /s/ Mark Potter .
Mark Potter, Esq.
Attorneys for Plaintiff

---

[2] Note this is higher than the amount previous requested in the default judgment. Plaintiff has itemized the work done (and anticipated to be done in attending a hearing) on this motion. (Ex 2 - Billing Statement)