UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-2 JGB (SPx)** | Date | January 19, 2016 |
| Title | *Samuel Love v. Guillermo Ocampo et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order GRANTING IN PART Plaintiff's Motion for Attorney's Fees (IN CHAMBERS)

Before the Court is Plaintiff's Motion for an Award of Attorney's Fees. (Doc. No. 54.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion for Attorney's Fees, the Court GRANTS IN PART the Motion.

## I. BACKGROUND

On January 2, 2015, Plaintiff Samuel Love ("Plaintiff" or "Love") filed this action against Defendants Guillermo Ocampo, Rebeca Ocampo, Gibson Brothers Janitorial Service, Inc., and Does 1-10 (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), the Unruh Civil Rights Act ("UCRA"), the California Disabled Persons Act ("CDPA"), and negligence. (Doc. No. 1.)

On August 10, 2015, Defendants filed a motion for partial summary judgment. ("DMSJ," Doc. No. 37.) Plaintiff cross-moved for summary judgment as to the ADA and UCRA claims, and stipulated to dismiss the CDPA and negligence causes of action. ("PMSJ," Doc. No. 43.) On October 20, 2015, the Court denied Defendants' motion for partial summary judgment and granted Plaintiff's motion for summary judgment. (Doc. No. 50.) Judgment was entered in favor of Plaintiff for his ADA and UCRA claims, which entitled Plaintiff to recover $4,000 in statutory damages from Defendants. (Doc. No. 51.)

Plaintiff, as the prevailing party, filed a Motion for an Award of Attorney's Fees on November 3, 2015. ("Motion," Doc. No. 54.) Defendant opposed the Motion on November 14, 2015. ("Opp'n," Doc. No. 56.) Plaintiff submitted a Reply on November 23, 2015. ("Reply," Doc. No. 57.)

## II. LEGAL STANDARD

Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425, 428 (9th Cir. 1983). Under the Unruh Act, a defendant "is liable for" any attorney fees suffered by any person denied the rights provided by the UCRA. Cal. Civ. Code § 52(a); see also Alaska-Rent-A-Car, Inc. v. Avis Budget Group, Inc. 738 F.3d 960, 973 (9th Cir. 2013) (stating that in an action involving state law claims, the court applies the law of the forum state to determine if a party is entitled to attorney's fees, unless it conflicts with a valid federal statute or procedural rule).

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar based on the factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. To the extent that the Kerr factors are used to adjust the first prong determination of "reasonable" hours times "reasonable" rate, they may not be "double count[ed]" later. See Corder v. Gates, 947 F.2d 374, 377 (9th Cir. 1991).

## III. DISCUSSION

Plaintiff seeks a total of $29,257.50 in attorneys' fees for the work of five different attorneys on this case. (Billing Statement, Doc. No. 54-3.) Plaintiff also requests $200 in litigation expenses for a total award of $29,457.50. (Id.)

The majority of Defendants' Opposition disputes the reasonableness of Plaintiff's fee calculations in light of the fact that Plaintiff's attorneys are well-versed in ADA and UCRA litigation and have filed thousands of nearly identical lawsuits. Some of these points are well taken, and the Court agrees that some of Plaintiff's calculations are unreasonable for this reason.

However, much of the Opposition is part of "a troubling trend in which disability access defendants attack the motives of plaintiffs and their counsel in nearly every case brought to enforce the right to equal access guaranteed by the ADA and California statutes." Kittok v. Leslie's Poolmart, Inc., 687 F. Supp. 2d 953, 958 (C.D. Cal. 2009). The Court has reviewed these arguments and determined them to be without merit.

### A. Attorneys' Fees

#### 1. Reasonable Hours

Plaintiff's counsel reports that five attorneys at the Center for Disability Access spent a total of 74 hours litigating this case since December 2014. (Billing Statement at 1.) The Billing Statement submitted in support of Plaintiff's fee request lists the hours each attorney spent on various tasks, including conferring with the client and opposing counsel; researching the property; and drafting the complaint, discovery requests and responses, and the motion for summary judgment. (Id.) The Court has reviewed the time records submitted, and while it does not appear that Plaintiff's counsel engaged in duplicative billing, the Court does find that some of the time Plaintiff's counsel spent on various tasks was unnecessary. The district court may exclude any hours that are excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434.

Mark Potter, an experienced attorney who has litigated many similar cases, billed 3.2 hours for reviewing Defendants' MSJ and outlining the approach for the opposition, another 6.2 hours for working on the opposition and briefing one of the issues, and 3.3 hours for completing the opposition brief and two declarations. (Billing Statement at 3.) The Court finds the 12.7 hours spent on the opposition excessive given the routine nature of the issues raised and Mr. Potter's familiarity with ADA cases. Accordingly, the Court will reduce this time by 30% for a reduction of 3.8 hours. Additionally, Mr. Potter billed 6.4 hours for drafting the reply brief, 1 hour for reviewing Defendants' opposition and outlining the reply brief, and .8 hours reviewing the Defendants' reply brief and making notes for Plaintiff's reply brief. The Court finds the 8.2 total hours spent on Plaintiff's reply brief excessive, particularly in light of the fact that the reply exceeded the 12-page limit set forth in this Court's Standing Order, (Doc. No. 9). The Court finds the 4.2 hours spent drafting Plaintiff's MSJ to be reasonable and that Plaintiff could have adequately replied to Defendants' opposition in the same or less time. Accordingly, the Court will reduce the 8.2 hours by 50% for a reduction of 4.1 hours.

Finally, Mr. Potter estimated that reviewing Defendants' opposition to the attorney's fee motion, drafting the reply brief and attending oral argument would take 10 hours. The Court subtracts 3.4 hours for oral argument because the Court issues this Order in chambers without a hearing. That leaves 6.6 hours for the Reply to Defendants' Opposition to the instant Motion. Mr. Potter again exceeded the page limits imposed by the Court's Standing Order, this time filing a 24-page Reply memorandum. (Doc. No. 57.) While the Court recognizes that Defendants' Opposition required some response, Plaintiff did not require 24 pages, allegedly written over 14 hours, to respond to Defendants' largely meritless arguments. Plaintiff's counsel rightfully felt personally attacked by Defendants' inappropriately hostile Opposition. However, counsel wasted the first 12 pages contesting Defendants' meritless claims and ad hominem attacks. The Court believes that Plaintiff could have completed a Reply that addressed

Defendants' arguments within the 12-page limit set by the Standing Order. Because the Reply was double the page limit, the Court will reduce the 6.6 hours by 50%, for a total of 3.3 hours.

The Court finds the remaining billing entries submitted by Plaintiff's counsel to be reasonable and concludes that Plaintiff's counsel reasonably expended 59.4 hours in this litigation.

### 2. Reasonable Hourly Rates

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel seeks hourly rates of $425 for Mark Potter, $425 for Raymond G. Ballister, $350 for Phyl Grace, $250 for Dennis Price, and $200 for Amanda Lockhart. (See Billing Statement.) As evidence that these rates are reasonable, Plaintiff's counsel attests to each attorney's experience in disability access litigation and success in law school. (Declaration of Mark Potter, Doc. No. 54-2 ¶¶ 5-9.) Mr. Potter also attested that "the rates billed by the Center for Disability Access for its attorneys are well within market rates." (Id. ¶ 10.) After reviewing awards in similar cases, the Court concludes that the hourly rates Plaintiff's counsel seeks are reasonable for this case.

### 3. Calculation of Lodestar

After reviewing the reasonableness of rates and hours requested by Plaintiff's counsel, and as calculated below, the Court finds that the lodestar is $23,052.50, prior to the consideration of a multiplier.

| Timekeeper | Hours (post-reduction) | Hourly Rate | Total Amount |
|---|---|---|---|
| Mark Potter | 40.2 | $425 | $17,085.00 |
| Raymond G. Ballister | 6.7 | $425 | $2,847.50 |
| Phyl Grace | 2.1 | $350 | $735.00 |
| Dennis Price | 6.1 | $250 | $1,525.00 |
| Amanda Lockhart | 4.3 | $200 | $860.00 |

Once the "lodestar" figure is calculated, a court has discretion to adjust the figure based on certain factors. See Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119, fn. 4 (9th Cir. 2000); quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). Plaintiff's counsel do not seek a modification of the lodestar. (Motion at 9.) The Court finds a further reduction in the overall fee is not warranted.

### B. Costs

Plaintiff seeks $200 for the cost of his investigator. The Court finds these costs reasonably incurred and will award them.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's Motion for an Award of Attorney's Fees. Plaintiff is entitled to $23,052.50 in attorney's fees and $200.00 in costs from Defendants Guillermo Ocampo, Rebeca Ocampo and Gibson Brothers Janitorial Service, Inc., for a total award of $23,252.50.

**IT IS SO ORDERED.**